**No. 14-0291** – *Charles J. Evans, et al., v. United Banks, et al.*

**FILED**

June 16, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**Ketchum, Justice, concurring in part and dissenting in part:**

I believe that all of Judge Irons' rulings were correct and that the majority erred in reversing the Judge's ruling on the statute of limitations.

On February 7, 2007, the plaintiffs contested the valuation of their lots before the Monroe County Board of Equalization. The hearing concerned the valuation of their lots. It was a contested hearing and the plaintiffs had a lawyer.

Plaintiffs had previously borrowed money to purchase these lots from United Banks. The bank had obtained written valuation appraisals done on the lots in order to justify loaning money to the plaintiffs.

Judge Irons took judicial notice of the valuation hearing held on February 7, 2007. At that time of the Board of Equalization hearing the written appraisals valuing plaintiffs' lots were readily available to the plaintiffs at the bank. Therefore, the statute of limitations began to run on February 7, 2007. Under the discovery rule, the statute of limitations begins to run when the plaintiff knew, or by the exercise of reasonable diligence, should have known of the elements of a possible cause of action. *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). Judge Irons was correct in his statute of limitations ruling, and I would affirm his ruling.

However, I agree with the majority opinion upholding the dismissal of the counts alleging the breach of an implied covenant and fair dealing and the count claiming detrimental reliance.